UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Z.F., a Minor, by her Next Friend, GEAMILL
GIBSON, and GEAMILL GIBSON, Individually,

        Plaintiffs,                      Case number 05-70802
                                          Honorable Julian Abele Cook, Jr.

v.

BOARD OF HOSPITAL MANAGERS FOR THE
CITY OF FLINT, d/b/a HURLEY MEDICAL
CENTER; and UNITED STATES OF AMERICA,

        Defendants.

## ORDER

The Defendants, Board of Hospital Managers for the City of Flint, d/b/a Hurley Medical Center, and the United States of America, have been accused by the Plaintiffs, Z.F., a minor child, by her next friend, Geamill Gibson, and Geamill Gibson, individually, of negligently causing the minor child to sustain a brachial plexus injury at birth.

On March 14, 2005, the Plaintiffs filed a motion, in which they collectively asked the Court to remand this cause of action to a state court. It is their position that the Defendants' failure to file a notice of removal within a thirty day period was untimely and legally defective.

Although this cause of action was removed from the state court beyond the thirty day period within which a removal may be effected under 28 U.S.C. §1446(b), the Defendants' action was taken on the basis of 42 U.S.C. §233(c) and 28 U.S.C. §2679(d)(2).

Title 42, section 233(c) of the United States Code provides, in relevant part:

> Upon certification by the Attorney General that he defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed

without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all reference thereto.

In its Order of June 1, 2005, the Court determined that the certification by a representative of the Attorney General, who had attested that Larry J. Young and Hamilton Community Health Network were (1) employees of the United States and (2) acting within the scope of that employment at the time of the incident at issue in this cause, was valid.  According to 42 U.S.C. §233, an act of removal from a federal court to a state court upon the submission of such a certification is proper at any time before trial.  Inasmuch as this cause has not reached trial, the Defendants' removal of this cause from state court was proper.

Accordingly, "Plaintiff's Motion to Remand" must be, and is, denied.

IT IS SO ORDERED.


DATED:    June 29, 2005                              s/ Julian Abele Cook, Jr.
          Detroit, Michigan                          JULIAN ABELE COOK, JR.
                                                     United States District Judge



Certificate of Service

I hereby certify that on June 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                     s/ Kay Alford
                                                     Courtroom Deputy Clerk